Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSÉ A. FAJARDO VEGA<br><br>Recurrido<br><br>V.<br><br>DEPARTAMENTO DE JUSTICIA DE PUERTO RICO P/C DIVISIÓN LEGAL, DEPARTAMENTO DE SEGURIDAD PÚBLICA DE PUERTO RICO, PEDRO J. JANER ROMÁN, EN SU CAPACIDAD OFICIAL COMO SECRETARIO DE SEGURIDAD PÚBLICA, NEGOCIADO DE LA POLICÍA DE PUERTO RICO, HENRY ESCALERA RIVERA, EN SU CAPACIDAD OFICIAL COMO COMISIONADO DE LA POLICÍA DE PUERTO RICO Y OTROS<br><br>Peticionarios | KLCE202500145 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV03844<br><br>Sobre: Violación de Derechos Civiles, Discrimen (Ley Núm. 100) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, y la Jueza Díaz Rivera.

**Grana Martinez, jueza ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de marzo de 2025.

El peticionario, Gobierno de Puerto Rico (en adelante, Estado) solicita que revoquemos la *Resolución* emitida el 4 de diciembre de 2024, en la que el Tribunal de Primera Instancia, Sala de San Juan (TPI), declaró *No Ha Lugar* la *Moción de Desestimación* al entender que alegaciones de la *Demanda* son suficiente y al dicho foro tener jurisdicción para proceder con el pleito.

**I.**

El 22 de julio de 2020, el señor José A. Fajardo Vega (en adelante, Fajardo Vega o recurrido) presentó una *Demanda* contra el Departamento de Justicia de Puerto Rico, el Departamento de Seguridad Pública de Puerto Rico, el Negociado de la Policía de

Número Identificador

RES2025 _____

Puerto Rico (en adelante, NPPR) y el teniente coronel Rolando Trinidad Hernández en daños y perjuicios, violación de derechos constitucionales, hostigamiento laboral y discrimen en el empleo.[1]

En síntesis, alegó que: (1) se desempeña como agente desde 1996 dentro del Sistema de rango del NPPR; (2) estuvo destacado desde el 2007 en la Unidad del "Task Force" del Negociado Federal de Alcohol, Tabaco, Armas y Explosivos hasta que el 26 de abril de 2019 fue presuntamente trasladado ilegalmente por el entonces Comisionado de la Policía, Henry Escalera Rivera; (3) ante el referido traslado se encuentra en la Superintendencia Auxiliar de Operaciones de Campo Área de Carolina, como patrullero en las calles, poniendo en riesgo su vida y seguridad física, por los múltiples casos criminales federales en los que intervino y; (4) que dicho traslado fue provocado por discrimen a su persona, al haber sido sustituido por personal con menos experiencia y más joven, causándole daños y perjuicios.

Por su parte, el 10 de diciembre de 2020, el Estado presentó *Moción en Solicitud de Desestimación.*[2] En la misma solicitó la desestimación de la *Demanda* por el TPI carecer de jurisdicción sobre la materia y por el recurrido no haber notificado al Estado de su reclamación por daños y perjuicios. A su vez, alegó que: (1) es claro que las alegaciones en la *Demanda* con respecto al traslado, siendo este una de las áreas esenciales al principio de mérito; sobre compensación y daños sufridos por el recurrido, se tienen que dilucidar ante el foro con jurisdicción, en este caso la Comisión Apelativa de Servicio Público (en adelante, CASP) y; (2) habiendo el recurrido presentado una *Apelación* ante la CASP el 22 de mayo de 2019, por los mismos hechos ante el foro con jurisdicción exclusiva

---

[1] Apéndice I del *Recurso de Certiorari*, págs. 1-23.
[2] Apéndice IV del *Recurso de Certiorari*, págs. 43-65.

para atender la controversia del caso de autos era forzoso concluir que el foro recurrido carecía de jurisdicción sobre la materia.

En respuesta, el 29 de enero de 2021, el señor Fajardo Vega presentó una *Moción en Oposición a Moción de Desestimación.*[3] En síntesis, explicó, entre otras cosas, que los hechos alegados están expresados de manera clara con los elementos necesarios para establecer una causa de acción de daños y perjuicios por actos discriminatorios llevados por el NPPR. Además, indicó que el 24 de julio de 2019 había notificado al Estado, según lo requiere la *Ley de Reclamaciones y Demandas contra el Estado.*

Por consiguiente, el 13 de julio de 2021 se llevó a cabo una *Vista de Seguimiento* a la que acudió tanto la representación legal del recurrido como la del peticionario. En la misma se discutió la moción dispositiva presentada por el Estado en donde dicha parte retiró su alegación sobre la no notificación al Estado.[4]

Luego, el 14 de julio de 2021, el Estado presentó una *Moción Informativa.*[5] En esta señaló que estaría desistiendo sin perjuicio sobre la alegación de notificación de demanda al Estado. De modo que, el 15 de julio de 2021, el TPI emitió una *Orden* en donde indicó que se daba por desistida la alegación dispositiva sobre la falta de cumplimiento con la notificación requerida por la *Ley de Reclamaciones y Demandas contra el Estado.*[6]

El 25 de agosto de 2021, el señor Fajardo Vega presentó una *Moción en Cumplimiento de Orden.*[7] A raíz de lo solicitado en la *Vista,* el recurrido reiteró las alegaciones esbozadas en su oposición a la moción de desestimación. Por su parte, el 15 de septiembre de

---

[3] Apéndice IV del *Recurso de Certiorari*, págs. 69-86.
[4] Apéndice IX del *Recurso de Certiorari*, págs. 99-100.
[5] Apéndice VIII del *Recurso de Certiorari*, págs. 97-98.
[6] Véase, entrada núm. 20 en Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[7] Apéndice X del *Recurso de Certiorari*, págs. 101-111.

2021, el Estado presentó una *Moción en Cumplimiento de Orden y para Suplementar Moción de Desestimación.*[8]

A raíz de dicha moción, el 8 de abril de 2024, el TPI dictó y notificó una *Orden,* en la cual le concedió un término al señor Fajardo Vega para que mostrara causa por la cual el foro primario no debía desestimar sin perjuicio por prematuro y por falta de agotar remedios administrativos y/u ordenar la paralización de los procedimientos hasta que culminara el procedimiento administrativo que comenzó el propio recurrido bajo el caso GASP 2019-05-0352.[9]

El 25 de abril de 2024, el Estado presentó una *Segunda Moción Suplementaria de Desestimación.*[10] El 1 de mayo de 2024, el señor Fajardo Vega presentó una *Moción en Cumplimento de Orden.*[11] El 10 de junio de 2024, el recurrido presentó una *Moción en Cumplimiento de Orden sobre Segunda Moción Suplementaria de Desestimación.*[12]

Finalmente, el 4 de diciembre de 2024, el TPI emitió una *Resolución Interlocutoria* en la que declaró "No Ha Lugar" a las mociones dispositivas presentadas por el Estado y le concedió un término de diez (10) días para que presentara su *Contestación a Demanda.*[13] En específico, el TPI determinó que el recurrido cumplió con el requisito de notificación al Estado. A su vez, dispuso que aun cuando los reclamos sobre discrimen, represalias y persecución aparentaban estar estrictamente vinculados a una acción de traslado de personal, su dilucidación no se encontraba bajo la jurisdicción exclusiva de la CASP. Además, indicó que pudo corroborar que en la *Demanda* se alegaba un patrón de

---

[8] Apéndice XI del *Recurso de Certiorari*, págs. 112-124.
[9] Apéndice XIII del *Recurso de Certiorari*, págs. 130-132.
[10] Apéndice XIV del *Recurso de Certiorari*, págs. 133-149.
[11] Apéndice XV del *Recurso de Certiorari,* págs. 150-170.
[12] Apéndice XVI del *Recurso de Certiorari,* págs. 171-178.
[13] Apéndice XVII del *Recurso de Certiorari,* págs. 179-182.

hostigamiento laboral y discrimen de naturaleza continua por lo que necesitaba dirimir credibilidad, negligencia e intención para corroborar las alegaciones presentadas en la *Demanda.* Por último, señaló que correspondía demostrar y evidenciar los siguientes asuntos:

1. El traslado del demandante: ¿Se trató de una medida disciplinaria; o fue por necesidad de servicio?
2. ¿Qué acto del demandante, si alguno, sirvió de base para que le impusieran la medida disciplinaria punitiva que este reclama?
3. ¿Existe una obligación del Estado para mantener al demandante en su posición de destaque? ¿Por cuánto tiempo?
4. ¿En qué consiste el hostigamiento laboral que reclama el demandante?
5. ¿En qué consiste el discrimen que reclama el demandante?
6. ¿En qué consiste la represalia que reclama el demandante? ¿En qué acto suyo, si alguno, se basa?
7. ¿En qué consiste la persecución maliciosa que reclama el demandante?

Por su parte, el 16 de diciembre de 2024, el Estado presentó una *Moción en Cumplimiento de Orden, en Solicitud de Reconsideración, y Reiterando Solicitud de Desestimación de la Demanda.*[14] El 8 de enero de 2025, el recurrido presentó una *Moción en Cumplimiento de Orden sobre Reconsideración.*[15] Finalmente, 13 de enero de 2025, el TPI emitió una *Orden* en la que declaró *No Ha Lugar* las mociones del peticionario y le concedió veinte (20) días para contestar la *Demanda.*[16]

Inconforme, el Estado presentó un recurso de *certiorari* ante este Tribunal, en el que alega que:

Erró el Honorable Tribunal de Primera Instancia al denegar la Moción de Desestimación presentada por el Estado al amparo de la Regla 10.2(5) de Procedimiento Civil, a pesar de que las alegaciones de la *Demanda* son insuficientes para establecer una reclamación plausible que justifique la concesión de un remedio.

En la alternativa, el Tribunal de Primera Instancia debió paralizar los procedimientos hasta tanto culminara el

---

[14] Apéndice XIX del *Recurso de Certiorari,* págs. 196-200.
[15] Apéndice XX del *Recurso de Certiorari,* págs. 201-203.
[16] Apéndice XXI del *Recurso de Certiorari,* págs. 204.

trámite administrativo en la CASP relacionado con la legalidad del traslado.

Concedido un término al recurrido, para presentar su alegato en oposición, este presentó una Moción solicitando prórroga para oponerse al recurso. La prórroga se ha tornado académica ante la determinación que hoy tomamos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *800 Ponce de León Corp. v. AIG*, 205 D.P.R. 163, 174 (2020); *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016). Aunque el *certiorari* se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el

Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**III.**

La Regla 52.1, *supra,* autoriza nuestra intervención debido a que el peticionario solicita que revisemos la denegatoria a una moción de carácter dispositivo. Sin embargo, luego de examinar

detenidamente el expediente del presente caso, declinamos ejercer la misma. Las circunstancias particulares de este caso no ameritan nuestra intervención en este momento. Por esa razón lo correcto es denegar el recurso.

**IV.**

Por lo antes expuesto se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones